UNITED STATES DISTRICT COURT  CG7285
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HADIZA ABBA,<br><br>      Plaintiffs,<br><br>    -against-<br><br>THE CITY OF NEW YORK, P.O. DANIEL STELLER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.<br><br>      Defendants. | **COMPLAINT<br>AND DEMAND FOR<br>JURY TRIAL**<br><br>**07 CV 3158 (RWS)** |

Plaintiff, HADIZA ABBA, by her attorneys, MYERS & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. DANIEL STELLER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, an African-American, was and is a resident of New York, New York, located in the Southern District of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, defendants P.O. DANIEL STELLER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On September 5, 2005, at approximately 4:30 a.m., Plaintiff HADIZA ABBA was in the Times Square area, in or about 8th Avenue and 42nd Street, New York, New York, trying to hail taxicabs with a group of friends.

13. Two members of the group of friends were standing on the sidewalk playfully wrestling. Police Officers approached the couple and asked what they were doing. One of the officers bumped into one of the friends and knocked her to the ground.

14. As words between her friends and the officers began to escalate, Plaintiff and a male friend walked from the scene and attempted to hail a taxicab.

15. When Plaintiff looked back, it appeared her friends were being arrested.

16. As she was looking for a taxicab, Plaintiff HADIZA ABBA and her male friend were approached by a Police Officer on horseback. They asked why their friends were being

3

arrested. The Police Officer responded rudely and an argument ensued during which the officer told Plaintiff's male companion to "take his little bitch" and leave the location.

17. Plaintiff pursued the officer and demanded his badge number. Plaintiff was then intercepted by another Police Officer who told her she didn't need his fellow officer's badge number.

18. Another argument ensued, wherein the Police Officer pulled out pepper spray and sprayed Plaintiff in the face. Plaintiff collapsed to the ground. The Police Officer, using profanity, told Plaintiff that she had resisted arrest and was going to jail.

19. The Police Officer unjustly and without probable cause arrested Plaintiff HADIZA ABBA. As the Police Officers forcibly handcuffed Plaintiff, a crowd began to gather at the location and witnessed Plaintiff's arrest.

20. Plaintiff, a 20 year-old licensed security guard with no criminal record, was arrested and handcuffed in front of a group of her peers.

21. Plaintiff was transported to the 14th Precinct and was charged with Resisting Arrest and Disorderly Conduct. At the precinct, the Police Officers filed false and misleading reports to support the arrest charges.

22. On or about September 5, 2005, Plaintiff was arraigned in New York County Criminal Court under Docket Number 2005NY060203. Plaintiff was released on her own recognizance. Plaintiff sought medical treatment for injury to her eyes.

23. Plaintiff made court appearances while awaiting the opportunity to contest the charges against the Police Officers at trial.

24. On October 27, 2005, the Court dismissed and sealed all charges against Plaintiff.

4

25. On November 28, 2005, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff HADIZA ABBA was served upon the CITY.

26. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to the CITY for adjustment and the CITY has neglected and/or refused to adjust and/or make payment.

27. A Hearing pursuant to General Municipal Law Section 50-H was waived in this matter.

28. This action is commenced within one year and ninety days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

29. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

31. All of the aforementioned acts deprived Plaintiff, HADIZA ABBA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

35. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: FALSE AREST UNDER 42 U.S.C 1983

38. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. As a result of Defendants' aforementioned conduct, Plaintiff, HADIZA ABBA, was subject to an illegal, improper and false arrest by the Defendants and taken into custody

and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

40. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and she were put in fear for her safety and subjected to handcuffing, and other physical restraints, without probable cause.

41. As a result of her false arrest, Plaintiff HADIZA ABBA was subjected to humiliation, ridicule and disgrace.  Plaintiff was discredited in the minds of many members of the community.

42. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

47. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

48. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

49. The criminal proceedings were terminated in favor of Plaintiff on or about October 27, 2005, when the charges against her were dismissed and sealed.

50. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

53. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

54. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body.

55. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

57. Defendant Police Officers P.O. DANIEL STELLER and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested HADIZA ABBA despite a complete lack of evidence against her, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

60. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

61. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff HADIZA ABBA.

62. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff HADIZA ABBA as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff HADIZA ABBA as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff HADIZA ABBA.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

66. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

67. All of the foregoing acts by Defendants deprived Plaintiff HADIZA ABBA of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff HADIZA ABBA demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         April 19, 2006

                                                Respectfully submitted,

                                                _____
Christopher D. Galiardo (CG7285)

MYERS & GALIARDO, LLP
*Attorneys for Plaintiff*
122 East 42nd Street, Suite 2710
New York, New York 10168
(212) 986-5900