


THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, N.Y. 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**BASIL C. SITARAS**
*Assistant Corporation Counsel*
Tel.: (212) 788-0422
Fax: (212) 788-9776

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/07

May 15, 2007

So ordered
Sweet
USDJ
5-16-07

VIA HAND DELIVERY
Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Hadiza Abba v. City of New York, et al., 07 Civ. 3158 (RWS)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and attorney for defendant City of New York ("City"). I am writing with the consent of plaintiff's counsel, Christopher Galiardo, Esq. to respectfully request a sixty (60) day enlargement of time from today, May 15, 2007 until July 16, 2007, within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

      The complaint alleges, *inter alia*, that plaintiff was falsely arrested, maliciously prosecuted, and subjected to excessive force. In addition to the City of New York, the complaint also purports to name Police Officer Daniel Steller and "Police Officers John Doe #1-5" as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to do so.

      Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been properly served. Upon information and belief, and according to the docket sheet in this matter, Officer Steller was served on or about April 25, 2007. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The defendant must then decide whether he wishes to be represented by this office. If so, we must obtain written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d

918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until July 16, 2007.

Thank you for your consideration in this regard.

Respectfully submitted,

Basil C. Sitaras (BS-1027)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   VIA FACSIMILE
      Christopher Galiardo, Esq.
      Myers & Galiardo, LLP
      Attorneys for Plaintiff
      Fax: (212) 986-6250

2