UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

HADIZA ABBA,

                                           Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. DANIEL STELLER
and P.O.s "JOHN DOE" #1-5 (said names being fictitious,
as the true names are presently unknown), Individually and
in their Official Capacities,

                                         Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 Civ. 3158 (RWS)

Jury Trial Demanded

**FILED VIA ECF**

          Defendants City of New York and Police Officer Daniel Steller, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

          1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

          2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

          3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

          4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke this Court's jurisdiction as stated therein.

          5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6.    Defendants state that paragraph "6" contains no averments of fact and, accordingly, no response is required.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal entity, and that it maintains a Police Department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a full and complete statement of the relationship between the City and the New York City Police Department.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers, and admit that Daniel Steller is and was employed by the City of New York as a police officer, and that plaintiff purports to sue them in their individual and official capacities as stated therein.  To the extent a response is required, defendants deny the allegations set forth therein.

10.    Deny the allegations set forth in paragraph "10" of the complaint, and respectfully refer the Court to the New York City Charter and the Administrative Code for a full and complete statement of the City of New York's responsibilities.

11.    Defendants state that the allegations set forth in paragraph "11" of the complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was arrested on September 4, 2005.

21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was charged with Resisting Arrest and Disorderly Conduct.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit, upon information and belief, that plaintiff was arraigned on or about September 4, 2005 and thereafter released on her own recognizance.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint, except admit, upon information and belief, that the charges against plaintiff arising from the September 4, 2005 arrest were dismissed on or about October 27, 2005.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit that, to date, no payments or adjustments have been made.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Paragraph "31" of the complaint contains conclusions of law, rather than averments of fact, and accordingly requires no response. To the extent that a response is deemed required, defendants deny the allegations set forth in paragraph "31" of the complaint.

32.    Paragraph "32" of the complaint contains conclusions of law, rather than averments of fact, and accordingly requires no response. To the extent that a response is deemed required, defendants deny the allegations set forth in paragraph "32" of the complaint.

33.    Paragraph "33" of the complaint contains conclusions of law, rather than averments of fact, and accordingly requires no response. To the extent that a response is deemed required, defendants deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "33" of the complaint.

36.    In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint, including all subparts thereto.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

69.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others, and was not the proximate result of any act of any of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71.     There was probable cause for plaintiff's arrest and/or prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72.     At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73.     Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74.     Defendant Steller has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75.     To the extent that the complaint alleges any claims arising under the laws of the State of New York, plaintiff has failed to comply with New York General Municipal Law, and accordingly, such claims are barred.

**WHEREFORE,** defendants City of New York and Daniel Steller request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 16, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York and
                              Daniel Steller
                              100 Church Street
                              New York, New York 10007
                              (212) 788-0422

                    By:       _____
                              Basil C. Sitaras (BS-1027)
                              Assistant Corporation Counsel

To:     Christopher Galiardo, Esq. (*Via ECF*)
        Attorney for Plaintiff

8

Index No. 07 Civ. 3158 (RWS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HADIZA ABBA,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, P.O. DANIEL
STELLER and P.O.s "JOHN DOE" #1-5 (said
names being fictitious, as the true names are
presently unknown), Individually and in their
Official Capacities,

                                        Defendants.

---

## ANSWER

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Daniel Steller*

*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Basil C. Sitaras*

*Tel:  (212) 788-0422*
*LawManager No. 2007-014665*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................... ,200*

*................................................................ Esq.*

*Attorney for City of New York*

9